## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **LINDSEY DURANT** § | |
| § | |
| v. § | Civil Action No. 6:21-cv-67 |
| § | |
| **MA HKA and** § | |
| **LS EXPRESS TRANSPORT, INC.** § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Lindsey Durant files this, her Original Complaint, complaining of and against Defendants Ma Hka and LS Express Transport, Inc. For cause of action, Plaintiff respectfully shows this Court the following:

### A. PARTIES

1.  Plaintiff Lindsey Durant, an individual, is a citizen of the State of Texas, residing in Jacksonville, Cherokee County, Texas.

2.  Defendant Ma Hka ("Hka'), an individual, is a citizen of the State of Florida and may be served with process at 4009 Bender Rd., Jacksonville, FL 32207, or wherever he may be found.

3.  Defendant LS Express Transport, Inc. ("LS Express"), is a for profit corporation formed pursuant to the laws of the State of Florida and has its principal place of business at 11099 Lord Taylor Drive, Jacksonville, FL 32226. Accordingly, it is deemed to be a citizen of the State of Florida. It may be served with summons by serving its registered agent for service of process, Sokol Coca, 11099 Lord Taylor Drive, Jacksonville, Florida 32246.

## B. JURISDICTION AND VENUE

4. The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the named Plaintiff and all named Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## C. AGENCY / RESPONDEAT SUPERIOR

6. Whenever it is alleged in this Petition that Defendant LS Express Transport, LLC did any act or thing, it is meant that LS Express Transport, LLC's servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, including but not limited to Ma Hka, did such act or thing, and at the time such act or thing was done it was done with LS Express Transport, LLC's authorization or was done in the normal routine course of the agency of or employment with LS Express Transport, LLC.

## D. FACTS

7. This lawsuit results from a motor vehicle collision that occurred on February 3, 2021, at approximately 4:18 p.m. At the time of the subject collision, Plaintiff Lindsey Durant was the seat-belted driver of a 2007 Ford Fusion. Plaintiffs' vehicle was traveling southbound in the inside lane of US 69. At the same time, Defendant Ma Hka, who was operating a 2013 Freightliner tractor-trailer, was traveling westbound on CR 3908 towards the intersection of CR 3908 and US 69. Westbound traffic on CR 3908, at the intersection of CR 3908 and US 69 is controlled by a stop sign. As Plaintiff approached the intersection of CR 3908 and US 69,

Defendant Hka failed to yield the right-of-way to Plaintiff, entered the intersection, and violently collided with Plaintiff's vehicle. Plaintiff Lindsey Durant sustained serious injuries including injuries to her head and nose.

8. At all times material hereto, Defendant Hka was employed by LS Express Transport, LLC and was acting at LS Express Transport, LLC's direction and for LS Express Transport, LLC's benefit.

9. At all times material hereto, Defendant Hka was in the course and scope of his employment with LS Express Transport, LLC.

10. At all times material hereto, Defendant Hka was engaged in the furtherance of LS Express Transport, LLC's business.

11. At all times material hereto, Defendant Hka was engaged in accomplishing a task for which he was employed by LS Express Transport, LLC.

12. At all times material hereto, Defendant Hka was negligent in the operation of a vehicle owned/operated by LS Express Transport, LLC.

### E. NEGLIGENCE OF DEFENDANT HKA

13. The collision made the basis of this suit and the resulting injuries and damages were proximately caused by Defendant Hka's negligent and negligent *per se* acts and/or omissions including but not limited to one or more of the following:

    a. Failing to control his speed in violation of Texas Transportation Code § 545.351(b)(1)-(2);

    b. Failing to stop at a stop sign in violation of Texas Transportation Code § 544.010;

    c. Failing to yield the right-of-way at an intersection, thereby violating Texas Transportation Code §§ 545.151, 545.152, and 545.153;

    d. Failing to apply his brakes properly and timely as a person of ordinary prudence would have done under the same or similar circumstances;

    e.    Failing to keep such lookout as a person of ordinary prudence would have under the same or similar circumstances;

    f.    Failing to take such evasive action as a person exercising ordinary care would have done to avoid the collision;

    g.    Driving the vehicle without regard for the safety and welfare of other persons or property; and

    h.    Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401.

14. Defendant Hka is independently liable for the foregoing negligent acts and/or omissions. Additionally, Defendant LS Express Transport, LLC is vicariously liable for the foregoing negligent acts and/or omissions of Defendant Hka pursuant to the legal doctrine of *respondeat superior*.

15. Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se,* which proximately caused the collision made the basis of this action, directly resulting in the injuries and damages to Plaintiff. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## F. NEGLIGENCE PER SE OF DEFENDANT HKA

16. Pleading further, Plaintiff would show that Defendant Hka's conduct violated specific provisions of law, including, but not limited to, sections 545.060(a), 545.103, 545.104, 545.151, 545.256, 545.401, §545.415 of the Texas Transportation Code, Subtitle C, "Rules of the Road," and 49 C.F.R. § 392.2 of the Federal Motor Carrier Safety Act, which were enacted for the protection of the law abiding public, a class of which Plaintiff is a member, and by reason thereof, Defendant Hka was negligent in the operation of the truck as a matter of law, and such negligence *per se* singularly or in combination with other acts, was the proximate cause of the occurrence made the basis of Plaintiff's causes of action.

## G. LIABILITY OF DEFENDANT LS EXPRESS TRANSPORT, LLC

17. Defendant Hka was an employee and/or statutory employee of Defendant LS Express Transport, LLC and was in the course and scope of his employment with LS Express Transport, LLC when the subject collision occurred. The negligence/negligence *per se* of Defendant Hka is therefore imputed to Defendant LS Express Transport, LLC, Inc. The negligence/negligence *per se* of Defendant LS Express Transport, LLC, both directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine of *respondeat superior*.

18. In the alternative, Defendant LS Express Transport, LLC is responsible for the negligent acts and/or omissions of Defendant Hka because at the time and place in question, Defendant Hka was operating a commercial motor vehicle in interstate commerce and he, as well as Defendant LS Express Transport, LLC, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 376.12(c)(1). Accordingly, at all relevant times hereto, Defendant Hka was a statutory employee of Defendant LS Express Transport, LLC, and Plaintiff was a member of the general driving public, a class of persons that 49 C.F.R. § 376.12(c)(1) was designed to protect.

## H. DAMAGES

19. As a direct and proximate result of the negligent and/or negligent *per se* conduct of Defendants and the subject collision, Plaintiff sustained serious personal injuries. As a result of these injuries, she has suffered the following damages:

    a. Reasonable and necessary medical expenses incurred by or on behalf of Plaintiff in the past;

    b. Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

      c.     Past physical pain and suffering;

      d.     Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

      e.     Past mental anguish;

      f.     Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

      g.     Past physical impairment; and

      h.     Physical impairment that, in reasonable probability, Plaintiff will suffer in the future.

20. Plaintiff seeks fair and reasonable compensation for her damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

21. All damages sought herein are within this Court's jurisdictional limits.

## I. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear and answer and that, upon final trial of this cause, Plaintiff have:

      a.     actual damages within the jurisdictional limits of this Court;

      b.     pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law;

      c.     costs of Court; and

      d.     all such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE,
ROBERTSON, SMITH & JONES

_____
CARSON R. RUNGE

6

State Bar No. 24059262
crunge@sloanfirm.com
SAVANNAH M. JUDKINS
State Bar No. 24121694
sjudkins@sloanfirm.com
Sloan, Hatcher, Perry, Runge, Robertson, Smith & Jones
101 East Whaley Street
Longview, Texas 75601
Telephone     903-757-7000
Facsimile      903-757-7574

ATTORNEYS FOR PLAINTIFF